UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JESSE MCCUNE, *et al.*,

    Plaintiffs,

    v.

WILSHIRE CREDIT CORPORATION,

    Defendant.

Case No. C05-1511RSL

ORDER GRANTING MOTION AND PRELIMINARILY APPROVING CLASS SETTLEMENT

### **PRELIMINARY APPROVAL ORDER**

This matter coming before the Court on Plaintiffs' Motion for Preliminary Approval of the Settlement ("Settlement") (Dkt. #33) with Wilshire Credit Corporation ("Wilshire") pursuant to the Settlement Agreement dated March 8, 2007 between Plaintiffs and Wilshire (the "Settlement Agreement"), and the Court being duly advised in the premises by counsel for the Parties, IT IS HEREBY ORDERED THAT:

    1.    The Settlement proposed in the Settlement Agreement has been

ORDER GRANTING MOTION AND PRELIMINARILY
APPROVING CLASS SETTLEMENT - 1

negotiated at arms-length, with the assistance of an experienced mediator, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed settlement class for settlement purposes.

2. The Court finds that the proposed Settlement is within the range of fairness and reasonableness and grants preliminary approval to it.

3. The following definitions apply in this Order:

a) "Payoff Fee" means a fee charged by Wilshire for the service of providing borrowers with a Payoff Statement. The term includes, without limitation, fees for providing a Payoff Statement that may have been included in the category of "Unpaid Open Charges" on Payoff Statements sent by Wilshire. A "Payoff Statement" is a document provided by Wilshire, upon request, to a borrower to inform him or her of the total amount required to pay such borrower's loan in full, including fees and charges owed by the borrower at payoff.

b) "Postage" means the amount charged to a borrower by Wilshire to recover the cost of mailing documents in connection with satisfying or releasing a mortgage or reconveying property subject to a mortgage or deed of trust.

c) "Reconveyance Recording Charge" means the recording costs charged by Wilshire for recording an instrument in connection with the payoff of a loan secured by real property, including without limitation, a satisfaction of a mortgage, a reconveyance of property subject to a deed of trust, and a release of mortgage or deed or trust.

d) "Substitution of Trustee Recording Charge" means the recording costs for the recording of an appointment of a substitute of trustee in connection with a loan serviced by Wilshire.

4. The Court hereby certifies a class (the "Settlement Class"), for

ORDER GRANTING MOTION AND PRELIMINARILY
APPROVING CLASS SETTLEMENT - 2

settlement purposes only, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), consisting of:

All Persons with loans secured by mortgages or deeds of trust who paid off their loans between July 26, 1999 and the date of the Preliminary Approval Order, and who were charged a Payoff Fee or were charged a Substitution of Trustee Recording Charge or Postage (which may have been included in a Reconveyance Recording Charge), and whose loans were serviced by Wilshire at the time of payoff.

This Court finds that the class is so numerous that joinder of all members is impracticable, as there are more than 184,000 members of the class. There are questions of law or fact common to the class, including whether Wilshire properly charged the fees at issue. The claims and defenses of the representative parties are typical of the claims and defenses of the class, as Jesse and Brigitte McCune (the "McCunes") were charged and paid the fees at issue. The Court further finds that the McCunes will fairly and adequately protect the interests of the class, and they are similarly situated to absent class members. Common questions of law and fact predominate over individual issues, for purposes of this settlement, because Wilshire has agreed to waive individual defenses that might otherwise apply to Class Members. This class Settlement is a superior means for the fair and efficient resolution of this matter.

5. Pursuant to Rule 23, the McCunes are hereby preliminarily

ORDER GRANTING MOTION AND PRELIMINARILY
APPROVING CLASS SETTLEMENT - 3

designated and appointed as the representatives of the settlement class. Keller Rohrback L.L.P., Beckett Law Offices, PLLC, and Williamson and Williams are hereby preliminarily appointed as class counsel, pursuant to Fed. R. Civ. P. 23(g). Class counsel are experienced in class litigation, including litigation of similar claims in other cases, and will fairly and adequately represent the interests of the class.

      6. A hearing (the "Fairness Hearing") on the fairness and reasonableness of the Settlement Agreement and to determine whether (1) final approval shall be given to the Settlement, (2) the requests for fees and expenses by class counsel shall be granted, and in what amount, and (3) the request for an incentive award for the named plaintiffs shall be granted, and in what amount, will be held before this Court on July 26, 2007 at 9:00 a.m. Plaintiffs' counsel are to file their petition for attorneys' fees and expenses by at least 14 business days prior to the final approval hearing. Plaintiffs shall also file any further papers in support of the final approval of the settlement (and responding to any objections) by not later than 14 days prior to the final approval hearing, and Wilshire may (but is not required to) file any papers in support of final approval by not later than that same date. By that same date, the parties shall also file sworn declarations from the person(s) under whose general direction the mailing of the

ORDER GRANTING MOTION AND PRELIMINARILY
APPROVING CLASS SETTLEMENT - 4

Settlement Notice was prepared and made confirming that such mailing was made and completed in accordance with the requirements of this order.

No later than July 23, 2007, the parties shall submit to the Court a revised proposed Final Judgment and Order of Dismissal that spells the Judge's name correctly, incorporates the date of the fairness hearing, and incorporates the date this order was signed.

7. The Court approves the proposed form of notice to the class in the form submitted to the Court as the Amendment to the Proposed Notice, Dkt. #40.  Within 30 days after the date of this Order, Wilshire, or a third party on Wilshire's behalf, shall mail the notice describing the Fairness Hearing and the Settlement to the last known mailing address (or such address as may be provided by the update service known as the "national change of address database" or a similar database chosen by Wilshire and counsel for the Settlement Class) of each person identified by Wilshire as being in the Settlement Class.  Wilshire, or a third party on Wilshire's behalf, shall re-mail all returned notices with forwarding addresses noted on them.

8. The form and manner for class notice fully complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process,

constitutes the best notice practicable under the circumstances, and provides sufficient notice to each person entitled to notice of the settlement of this lawsuit.

9. Members of the Settlement Class may exclude themselves from the Settlement Class by submitting a written request for exclusion to counsel for the Settlement Class no later than July 5, 2007.  The request for exclusion must state the person's name and current address, must be signed by all co-obligors of the loan with respect to which such person is a Class Member, and include a statement in the form "I/We request to be excluded from the settlement class in McCune v. Wilshire."  Any member of the Settlement Class who has properly opted out of the Settlement Class shall not (I) be bound by any orders or judgments entered in this Action; (ii) be entitled to relief under or be affected by the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of this Agreement.

10. If a person in the Settlement Class wishes to have the Court consider an objection to the Settlement, such person (1) must be and remain a member of the Settlement Class and may not exclude themselves from the Settlement Class, and (2) must file with the Court and serve on Class Counsel and counsel for Wilshire a written objection, along with any supporting documentation that the person wishes the Court to

ORDER GRANTING MOTION AND PRELIMINARILY
APPROVING CLASS SETTLEMENT - 6

consider, by not later than July 5, 2007.   The objecting member of the Settlement Class shall remain fully bound by the terms of the Settlement Agreement and any eventual Final Judgment and Order of Dismissal.

11.   Unless they file a proper request to exclude themselves from the class pursuant to paragraph 9 of this order, plaintiffs and members of the Settlement Class are preliminarily enjoined and barred from commencing or prosecuting any action asserting any of the Released Claims (as that term is defined in the Settlement Agreement) either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.  Any person or entity who knowingly violates such injunction may be required to pay the costs and attorney's fees incurred by Wilshire or other Released Parties (as that term is defined in the Settlement Agreement) as a result of the violation.

12. The Settlement Agreement and the proceedings taken and statements made pursuant to the Settlement Agreement or papers filed seeking approval of this Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession or an admission of any kind by any of the Parties of the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in any litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding or other forum, or of any liability, responsibility, fault, wrongdoing or otherwise of Wilshire or Plaintiffs. Wilshire has denied and continues to deny the claims asserted by Plaintiffs. Nothing contained herein shall be construed to prevent a party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

13. If this Order is reversed or vacated on appeal or otherwise, then the class certified pursuant to this Order shall be deemed automatically vacated, and this Action and the Parties shall revert to the status of the matter before the Settlement was reached. This order shall be without prejudice to Wilshire's rights to contest all issues in the Action including (without limitation) all issues under Federal Rule of Civil

ORDER GRANTING MOTION AND PRELIMINARILY
APPROVING CLASS SETTLEMENT - 8

Procedure 23 relating to the certification of a class, if this Agreement is terminated, is not approved, or if the Effective Date does not occur for any reason.

14. Wilshire, and the other Released Parties, hereby preserve and do not waive their arbitration and mediation rights, if any, should the settlement not be finally approved, or with respect to the claims of any class members who opt out of the settlement.

15. Pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act ("CAFA"), counsel for defendants has certified that timely notice of the proposed settlement was served upon the Attorney General of the United States and the Attorneys General for each state in which settlement class members are last known to reside. Defendants shall also send notice of this order as required by 28 U.S.C. § 1715(b).

DATED this 3rd day of April, 2007.

*/s/ Robert S. Lasnik*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION AND PRELIMINARILY
APPROVING CLASS SETTLEMENT - 9